JjLUCIEN C. BERTRAND, Jr., Judge, Pro Tem.
Farm Credit Bank of Texas filed this exec-utory proceeding against John Sturgeon and his wife, Johnnie Ruth Sturgeon, and others, all of whom were debtors on a note secured by a mortgage on 200 acres of farmland in Concordia Parish. The Sturgeons initially sought to enjoin the sale and filed a reeon-ventional demand for damages for conversion of the property at issue. The Bank responded by filing certain exceptions. After three years of pretrial proceedings, including this Court’s severance of the reeonventional demand from the foreclosure and injunction proceedings, the trial court conducted a hearing on the Sturgeons’ motion for preliminary injunction. The trial judge then granted the injunction and further declared the obligation of the Sturgeons was extinguished by the Bank’s conversion of the subject property. From this judgment, the Bank has appealed and we reverse in its favor.

^CONVERSION

The trial judge’s ruling on the conversion issue is based on brief testimony elicited by the Bank’s counsel from Mr. Sturgeon that the Bank was now collecting rent from the tenant of the subject property. The trial judge found this testimony to be sufficient proof of the Bank’s conversion. The trial judge further noted that he was not hindered in this decision by the fact that this Court had previously severed the conversion claim because he found “that Farm Credit Bank of Texas has waived its objections to the testimony on conversion of the property by raising them itself, and so the conversion is proper before the Court.”
These findings must be reversed. The conversion was not properly before the trial court and should not have been ruled upon. This Court previously ordered that the conversion claim be severed as it is a tort action which must be pursued via ordinary proceeding. The solicitation of the aforementioned testimony from Mr. Sturgeon in no way constituted a waiver of the unambiguous and specific order of this Court which was based on well-founded and established rules of civil procedure. The trial judge was without authority to decide the conversion claim, and his ruling in favor of the Sturgeons on that claim must be reversed.

INJUNCTION

The basis for the Sturgeons’ motion to enjoin the sale of their mortgaged property was the Bank’s alleged noncompliance with 12 U.S.C. § 2202a, the loan restructuring provisions of the Agricultural Credit Act of 1987, 12 U.S.C. § 2200 et seq. The Act pertains to the administration of loans made by financial institutions which are part of the Farm Credit System. Farm Credit Bank of Texas is one such institution and is therefore required to adhere to the rules contained in the statute.
laUnder the Agricultural Credit Act, Farm Credit Bank of Texas is required, prior to initiating foreclosure against a borrower’s property, to give the borrower notice of and an opportunity to apply for loan restructuring. 12 U.S.C. § 2202a(b)- If the borrower chooses to submit a restructuring application, Section 2202a(e)(l) requires the bank to review it and make a determination of whether the restructuring proposal is a viable least costly alternative to foreclosure, considering certain factors set forth at 12 U.S.C. § 2202a(d)(l). If a loan restructuring application is denied, the borrower is to receive notice of the denial and of his right to seek review of the decision before a credit review committee. 12 U.S.C. § 2202(b)(2). The borrower is also entitled to notice of the committee’s decision upon review of the application. 12 U.S.C. § 2202(e).
In the instant case, the Bank complied with the requirements of the Act. The Sturgeons were delinquent on their note and were notified that they could apply for a loan restructuring. The Sturgeons submitted an application, asking to be relieved of their debt in exchange for a return of the mortgaged property. Their restructuring application was denied, which denial was upheld on review by a credit review committee. The committee’s written notice of denial stated that the application was incomplete with regard to financial data and further stated that the Sturgeons’ proposal of a dation en paiement did not return them to “viability in an *669 orderly fashion.” The Bank subsequently proceeded with this foreclosure action.
We address briefly the Bank’s argument that because the Agricultural Credit Act does not confer a private right of action the Sturgeons’ motion for injunction must be denied. While it is true that a borrower cannot sue to enforce the provisions of the Act, we believe the regulations contained therein do Lgive rise to a defense to foreclosure proceedings. However, in reviewing this matter, we adhere to the general rule that a court will not substitute its judgment for the good faith judgment of an administrative agency. See Haughton Elevator Division v. State of Louisiana, 367 So.2d 1161 (La.1979).
In its decision enjoining the sale of the Sturgeons’ property, the trial court made several factual findings. First, the trial judge concluded that the Bank had sufficient financial data from the borrowers because the Bank proceeded with reviewing their application. Second, the trial judge noted that Mr. Michael Wright turned down the application “as he had told Mr. Sturgeon he would even before he looked at it.” Concerning the credit review committee’s consideration of the application, the judge noted that Mr. Wright, the Bank employee who initially denied the Sturgeons’ application, should not have been in attendance at the committee hearing and was not the proper party to send notice of the committee’s decision to the Sturgeons.
Finally, the trial judge concluded that the committee’s review of Mr. Wright’s initial decision was improperly harsh. Specifically, he differentiated between what he determined to be the review required by statute (a finding that restructuring is less costly than foreclosure) and that required by the Bank’s policy of forbearance (a finding that restructuring is less costly and a probability that the plan will return the borrower to financial viability). According to the trial judge, the committee improperly applied a higher standard of review in upholding the denial of the Sturgeons’ application.
The trial court’s decision was based on these findings and conclusions. After reviewing the record and legal principles pertinent to the issues raised herein, we find error in the decision rendered below and must reverse.
isThe sufficiency of the financial information submitted by the borrowers cannot be inferred simply because the Bank chose to review the restructuring application. Review of the application was undertaken by Mr. Wright while he requested, on several occasions, further information from the borrowers which he testified was not sufficiently forthcoming. Nevertheless, both Mr. Wright and the committee members reviewed what they considered to be an incomplete application, but ultimately had to deny the application, in part because of its incompleteness. This action does not render the application and review procedure improper.
The finding that Mr. Wright told Mr. Sturgeon that he would deny the application even before he looked at it was a credibility determination by the trial judge. Mr. Wright specifically refuted Mr. Sturgeon’s account of their conversation. Regardless of which testimony is the truth, we find that the alleged comment by Mr. Wright was immaterial and did not affect the validity of the credit review committee’s ultimate decision on the restructuring application. Likewise, the trial judge’s conclusion that the Bank did not submit necessary evidence of approval of its forbearance policy by the Farm Credit Administration is immaterial as we know of no such approval requirement in the law. See 12 U.S.C. § 2202a(g) which requires merely the establishment of a policy consistent with the provisions of the Act.
We also disagree with the trial court’s conclusion that the committee did not provide the Sturgeons with adequate notice of its decision and reasons therefor because Mr. Wright was not the proper party to send such a notice. The Bank contends that Mr. Wright was acting as the agent of the committee. The law provides for no specific notice procedure other than the | ¿writing requirement of Section 2202(e). There is nothing in the law that would invalidate or otherwise render inadequate the procedures followed by the Bank herein.
*670 Finally, we reject the trial judge’s conclusion that the credit review committee employed a review standard more stringent than the law requires, and accordingly, its decision cannot be upheld. The review standard employed by the committee illustrates the committee’s concern with the borrower’s return to viability. Any restructuring decision under 12 U.S.C. § 2202a et seq. must be made with regard to this consideration. In fact, the considerations listed at Section 2202a(d)(l) reveal that the goal of restructuring should be to assist the farmer in achieving a viable farming operation while at the same time protecting the interests of the Bank and its shareholders. The restructuring application submitted by the Sturgeons proposes an abandonment of their farming operation on this acreage and financial concessions on the part of the Bank. The committee reviewed this proposal in light of the governing statutory considerations. The committee found the application incomplete and further found that the proposed dation en paiement did not meet the statutory criteria for restructuring. We do not find the committee’s review to have been improper or more stringent than required by law.

CONCLUSION

La.C.C.P. Art. 2751 allows an injunction to be issued arresting the seizure and sale of mortgaged property under certain circumstances. The statute reads as follows:
The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.
Our review of the record reveals insufficient proof of the grounds necessary for the issuance of an injunction. The Sturgeons did not prove that they are entitled to arrest the ^seizure and sale of the property at issue herein in accordance with the provisions of Article 2751.
For the foregoing reasons, the judgment in favor of the Sturgeons and against Farm Credit Bank of Texas is reversed and vacated insofar as it recognizes a conversion and extinguishes the debt due. The preliminary injunction is hereby dissolved. Costs of these proceedings are assessed to the Sturgeons.
REVERSED AND REMANDED.