# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-422

CONCORDIA PARISH SCHOOL BOARD
CONCORDIA PARISH HOSPITAL DISTRICT #1
CONCORDIA PARISH POLICE JURY
CITY OF VIDALIA
TOWN OF FERRIDAY

VERSUS

LOUISIANA MACHINERY RENTALS, LLC

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 45,820 "A"
HONORABLE KATHY JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Jesse R. Adams, III
Kathryn S. Friel
Andre Brian Burvant
Matthew A. Mantle
Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P.
201 St. Charles Ave., 51st Floor
New Orleans, Louisiana 70170-5100
(504) 582-8000
COUNSEL FOR DEFENDANT/APPELLANT:
    Louisiana Machinery Rentals, LLC

**Jack Hendrix McLemore, Jr.**
**Post Office Box 520**
**200 Advocate Row, Suite B**
**Vidalia, Louisiana 71373**
**(318) 336-9189**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
   **Concordia Parish School Board,**
   **Concordia Parish Hospital District #1,**
   **Concordia Parish Police Jury,**
   **City of Vidalia, and**
   **Town of Ferriday**

**Robert R. Rainer**
**Drew M. Talbot**
**Rainer, Anding & McLindon**
**8480 Bluebonnet Blvd., Suite D**
**Baton Rouge, Louisiana 70810**
**(225) 766-0200**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
   **Concordia Parish School Board,**
   **Concordia Parish Hospital District #1,**
   **Concordia Parish Police Jury,**
   **City of Vidalia, and**
   **Town of Ferriday**

**GENOVESE, Judge.**

In this sales and use tax case, Defendant, Louisiana Machinery Rentals, LLC (LMR), appeals the grant of a partial summary judgment enforcing the assessment of the taxing authorities, Plaintiffs, Concordia Parish School Board, Concordia Parish Hospital District #1, Concordia Parish Police Jury, City of Vidalia, and Town of Ferriday.[1]  Plaintiffs have answered the appeal seeking sanctions against LMR for filing a frivolous appeal.  For the reasons that follow, we reverse the trial court's grant of the partial summary judgment; we deny the claim for damages for frivolous appeal; and, we remand the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

LMR, an entity forming part of Louisiana's exclusive Caterpillar franchise dealers, sold, leased, and repaired Caterpillar equipment and machinery in Concordia Parish.  The Concordia Parish School Board, Concordia Parish Hospital District #1, Concordia Parish Police Jury, City of Vidalia, and Town of Ferriday designated the Concordia Parish School Board (the Collector) as their sales and use tax collector.

The Collector commissioned a private auditing firm to perform an audit of LMR which revealed deficiencies for the period December 1, 2000, through June 30, 2007.  The Collector, thereafter, initiated the collection process on November 24, 2009, by sending LMR a Notice of Intent to Assess additional taxes, penalties, and interest in accordance with La.R.S. 47:337.48.[2]  LMR neither protested the Notice of Intent to Assess, nor did it request a hearing.

---

[1] The instant proceeding is one of several cases in various jurisdictions and in different stages of litigation that result from virtually identical facts and issues of law.

[2] Louisiana Revised Statutes 47:337.48 provides as follows:

The Collector then issued a formal Notice of Assessment (also referred to as the Original Assessment) to LMR on December 24, 2009, allegedly in accordance with La.R.S. 47:337.51 in effect in 2009 before the 2010 amendment to subsections A and B.[3] Upon receipt of this notice, LMR did not pay the

A. If a taxpayer fails to make and file any return or report required by the provisions of the local ordinance and this Chapter, the collector shall determine the tax, penalty, and interest due by estimate or otherwise. Having determined the amount of tax, penalty, and interest due, the collector shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of this Chapter, or to any address that may be obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the U.S. Postal Service or from U.S. Postal Service certified software, setting out his determination and informing the person of his purpose to assess the amount so determined against him after fifteen calendar days from the date of the notice.

B. If a return or report made and filed does not correctly compute the liability of the taxpayer, the collector shall cause an audit, investigation, or examination, as provided for by R.S. 47:337.35, to be made to determine the tax, penalty, and interest due. Having determined the amount of tax, penalty, and interest due, the collector shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of this Chapter, or to any address that may be obtainable from the U.S. Postal Service or from U.S. Postal Service certified software, setting out his determination and informing the person of his purpose to assess the amount so determined against him after thirty calendar days from the date of the notice.

[3] Louisiana Revised Statutes 47:337.51 provided as follows:

A. Having assessed the amount determined to be due, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. If no report has been timely filed, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with R.S. 47:337.63.

B. If any dealer shall be aggrieved by any findings or assessment of the collector, he may, within thirty days of the receipt of notice of the assessment or finding, file a protest with the collector in writing, signed by himself or his duly authorized agent, which shall be under oath and shall set forth the reason therefor, and may request a hearing. Thereafter, the collector shall grant a hearing to said dealer, if a hearing has been requested, and may make any order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the

assessment, respond in protest, or request a hearing. Instead, LMR provided additional tax records to the auditors that they had previously withheld.

The Collector reviewed the additional audit documentation and subsequently affirmed its findings. On February 22, 2010, the Collector reissued a second formal Notice of Assessment-Extension (sometimes referred to as the First Revised Assessment) to LMR in accordance with La.R.S. 47:337.51. The First Revised Assessment extended additional time to LMR to raise either factual or legal objections. It did not do so.

After receiving the First Revised Assessment, LMR again submitted additional records to the auditors. After the auditors reviewed this newly supplied information, the assessment was substantially reduced. The Collector then issued a third formal Notice of Assessment-Extension (sometimes referred to as the Second Revised Assessment) to LMR on April 26, 2010. LMR did not respond to the

the taxing authority to collect the tax in any manner herein provided. Appeals from the decision of the collector shall be directed to any state, city or federal court of competent jurisdiction. This Section shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of the local ordinance and this Chapter as to the legality of any tax accrued or accruing or the method of enforcement thereof.

C. (1) No assessment made by the collector shall be final if it is determined that the assessment was based on an error of fact or of law. An "error of fact" for this purpose means facts material to the assessment assumed by the collector at the time of the assessment to be true but which subsequently are determined by the collector to be false. "Error of law" for this purpose means that in making the assessment the collector applied the law contrary to the construction followed by the collector in making other assessments.

(2) The determination of an error of fact or of law under this Subsection shall be solely that of the collector, and no action against the collector with respect to the determination shall be brought in any court, and no court shall have jurisdiction of any such action, it being the intent of this Subsection only to permit the collector to correct manifest errors of fact or in the application of the law made by the collector in making the assessment; however, all reductions of assessments based on such errors, except estimated assessments made due to the failure of the taxpayer to file a proper tax return, must be approved and signed by the collector. Estimated assessments made due to the failure of the taxpayer to file a proper tax return may be corrected by the acceptance of the proper tax return and must be approved by the collector or his designee.

Second Revised Assessment.  Consequently, on September 24, 2010, the Collector

instituted the present proceeding by filing a Rule for Payment of Sales Tax against

LMR for payment of taxes, penalties, interest, and attorney fees pursuant to

La.R.S. 47:337.61.[4]

---

[4] Louisiana Revised Statutes 47:337.61 provides as follows:

In addition to any other procedure provided in this Chapter or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the taxing authority, or by or on behalf of the collector, for taxes and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:

(1) All such proceedings, whether original or by intervention or third opposition or otherwise, brought by or on behalf of the taxing authority, or by or on behalf of the collector, for the determination or collection of any tax, interest, penalty, attorney fees, costs or other charge claimed to be due shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.

(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed.  This provision shall be construed to deny to any court the right to extend the time for pleading defenses, and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.

(3) That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court, and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition.  No new trial, rehearing or devolutive appeal shall be allowed.  Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs.  Such appeals, whether to a court of appeal or to the supreme court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment.

(4) Whenever the pleadings filed on behalf of the taxing authority, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.

LMR responded by filing exceptions, affirmative defenses, and an answer. Thereafter, and with leave of court, the Collector filed a Supplemental and Amending Petition for Rule to Show Cause in Summary Sales and Use Tax Proceeding. In addition, the Collector filed an exception of lack of subject matter jurisdiction and an exception of preemption in response to LMR's exceptions, affirmative defenses, and answer. The Collector also filed a motion for partial summary judgment. Responding to the supplemental petition, LMR again raised exceptions, affirmative defenses, and filed an answer thereto.

On January 5, 2012, the trial court held a hearing only on the motion for partial summary judgment. Based upon its determination that the April 26, 2010 Second Revised Assessment was final, the trial court granted partial summary judgment against LMR in favor of the Collector. LMR appealed, and the Collector answered the appeal, seeking sanctions for frivolous appeal.

## ASSIGNMENTS OF ERROR

On appeal, LMR assigns four errors by the trial court. It first asserts that the trial court erred in failing to find that the Notice of Assessment-Extension did not comply with La.R.S. 47:337.51(A), thereby making said notice invalid and void. LMR next asserts that the trial court erred in concluding that the requirements of La.R.S. 47:337.51(A) need not be specifically enumerated in this case since the taxpayer was a large company. LMR further asserts that the trial court erred in failing to find that the claim for taxes had prescribed prior to the issuance of the Notice of Assessment-Extension. Finally, it contends that the trial court erred in granting the motion for partial summary judgment because the affidavit filed in support thereof was not based on personal knowledge and that genuine issues of material fact as to the amount of taxes owed by LMR remain in dispute.

5

## LAW AND DISCUSSION

The facts, issues, assignments of error, and briefs are identical to those set forth in *Catahoula Parish School Board v. Louisiana Machinery Rentals, LLC*, 12-443, 12-444 (La.App. 3 Cir. X/X/XX), ---So.3d ---.  For the reasons this day assigned in *Catahoula,* this matter is reversed and remanded to the trial court for further proceedings.  Additionally, for the reasons assigned therein, we have found LMR's appeal to be meritorious; therefore, the appeal is not frivolous.  Thus, we deny the Collector's request for sanctions for frivolous appeal.

## DECREE

The trial court's grant of the partial summary judgment in favor of the Plaintiffs, Concordia Parish School Board, Concordia Parish Hospital District #1, Concordia Parish Police Jury, City of Vidalia, and the Town of Ferriday, against Defendant, Louisiana Machinery Rentals, LLC, is reversed.  This matter is remanded to the trial court for further proceedings consistent herewith. Additionally, Louisiana Machinery Rentals, LLC's request for damages and attorney fees for frivolous appeal is denied.  Costs of this appeal are assessed to Concordia Parish School Board, Concordia Parish Hospital District #1, Concordia Parish Police Jury, City of Vidalia, and the Town of Ferriday in the amount of $2,223.50 pursuant to La.R.S. 13:5112.

**REVERSED AND REMANDED.**