# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-443
*CONSOLIDATED WITH*
## 12-444


**CATAHOULA PARISH SCHOOL BOARD**
**CATAHOULA PARISH POLICE JURY**

**VERSUS**

**LOUISIANA MACHINERY RENTALS, LLC**


*CONSOLIDATED WITH*


**CATAHOULA PARISH SCHOOL BOARD**
**CATAHOULA PARISH POLICE JURY**

**VERSUS**

**LOUISIANA MACHINERY COMPANY, LLC**


**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE**
**SEVENTH JUDICIAL DISTRICT COURT**
**PARISH OF CATAHOULA, NOS. 26,291 "A" AND 26,292 "A"**
**HONORABLE KATHY JOHNSON, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.


**REVERSED AND REMANDED.**

**Jesse R. Adams, III**
**Kathryn S. Friel**
**Andre Brian Burvant**
**Matthew A. Mantle**
**Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P.**
**201 St. Charles Ave., 51st Floor**
**New Orleans, Louisiana 70170-5100**
**(504) 582-8000**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Louisiana Machinery Rentals, LLC and**
    **Louisiana Machinery Company, LLC**

**Jack Hendrix McLemore, Jr.**
**Post Office Box 520**
**200 Advocate Row, Suite B**
**Vidalia, Louisiana 71373**
**(318) 336-9189**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Catahoula Parish School Board and**
    **Catahoula Parish Police Jury**

**Robert R. Rainer**
**Drew M. Talbot**
**Rainer, Anding & McLindon**
**8480 Bluebonnet Blvd., Suite D**
**Baton Rouge, Louisiana 70810**
**(225) 766-0200**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Catahoula Parish School Board and**
    **Catahoula Parish Police Jury**

**GENOVESE, Judge.**

In these consolidated sales and use tax cases, Defendants, Louisiana Machinery Rentals, LLC, and Louisiana Machinery Company, LLC (collectively the Companies), appeal partial summary judgments enforcing the assessment of the taxing authorities, Plaintiffs, Catahoula Parish School Board and the Catahoula Parish Police Jury. Plaintiffs have answered the appeals, seeking sanctions against the Companies for filing frivolous appeals. For the reasons that follow, we reverse the trial court's grant of the partial summary judgments; we deny the claims for damages for frivolous appeals; and, we remand these matters to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The Companies, Louisiana's exclusive Caterpillar franchise dealers, sold, leased, and repaired Caterpillar equipment and machinery in Catahoula Parish. The Catahoula Parish School Board and the Catahoula Parish Police Jury designated the Concordia Parish School Board (the Collector) as their sales and use tax collector.

The Collector commissioned a private auditing firm to perform an audit of the Companies which revealed deficiencies for the period December 1, 2000, through June 30, 2007. The Collector, thereafter, initiated the collection process on November 24, 2009, by sending each of the Companies a Notice of Intent to Assess additional taxes, penalties, and interest in accordance with La.R.S. 47:337.48.[1] The Companies neither protested the Notice of Intent to Assess, nor did they request a hearing.

---

[1] Louisiana Revised Statutes 47:337.48 provides as follows:

> A. If a taxpayer fails to make and file any return or report required by the provisions of the local ordinance and this Chapter, the collector shall determine the tax, penalty, and interest due by estimate or otherwise. Having determined the

The Collector then issued each of the Companies a formal Notice of Assessment (also referred to as the Original Assessments) on December 24, 2009, allegedly in accordance with La.R.S. 47:337.51 in effect in 2009 before the 2010 amendment to subsections A and B.[2] Upon receipt of the notice, the Companies

---

amount of tax, penalty, and interest due, the collector shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of this Chapter, or to any address that may be obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the U.S. Postal Service or from U.S. Postal Service certified software, setting out his determination and informing the person of his purpose to assess the amount so determined against him after fifteen calendar days from the date of the notice.

B. If a return or report made and filed does not correctly compute the liability of the taxpayer, the collector shall cause an audit, investigation, or examination, as provided for by R.S. 47:337.35, to be made to determine the tax, penalty, and interest due. Having determined the amount of tax, penalty, and interest due, the collector shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of this Chapter, or to any address that may be obtainable from the U.S. Postal Service or from U.S. Postal Service certified software, setting out his determination and informing the person of his purpose to assess the amount so determined against him after thirty calendar days from the date of the notice.

[2] Louisiana Revised Statutes 47:337.51 provided as follows:

A. Having assessed the amount determined to be due, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. If no report has been timely filed, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with R.S. 47:337.63.

B. If any dealer shall be aggrieved by any findings or assessment of the collector, he may, within thirty days of the receipt of notice of the assessment or finding, file a protest with the collector in writing, signed by himself or his duly authorized agent, which shall be under oath and shall set forth the reason therefor, and may request a hearing. Thereafter, the collector shall grant a hearing to said dealer, if a hearing has been requested, and may make any order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the taxing authority to collect the tax in any manner herein provided. Appeals from the decision of the collector shall be directed to any state, city or federal court of competent jurisdiction. This Section shall afford a legal remedy and right

did not pay the assessment, respond in protest, or request a hearing. Instead, the Companies provided additional tax records to the auditors that they had previously withheld.

The Collector reviewed the additional audit documentation and subsequently affirmed its findings. On February 22, 2010, the Collector reissued a second formal Notice of Assessment-Extension (sometimes referred to as the First Revised Assessments) to the Companies in accordance with La.R.S. 47:337.51. The First Revised Assessments extended additional time to the Companies to raise either factual or legal objections. They did not do so.

After receiving the First Revised Assessments, the Companies again submitted additional records to the auditors. After the auditors reviewed this newly supplied information, the assessments were substantially reduced. The Collector then issued a third formal Notice of Assessment-Extension (sometimes referred to as the Second Revised Assessments) to the Companies on April 26, 2010. The Companies did not respond to the Second Revised Assessments.

---

of action in any state, city or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of the local ordinance and this Chapter as to the legality of any tax accrued or accruing or the method of enforcement thereof.

C. (1) No assessment made by the collector shall be final if it is determined that the assessment was based on an error of fact or of law. An "error of fact" for this purpose means facts material to the assessment assumed by the collector at the time of the assessment to be true but which subsequently are determined by the collector to be false. "Error of law" for this purpose means that in making the assessment the collector applied the law contrary to the construction followed by the collector in making other assessments.

(2) The determination of an error of fact or of law under this Subsection shall be solely that of the collector, and no action against the collector with respect to the determination shall be brought in any court, and no court shall have jurisdiction of any such action, it being the intent of this Subsection only to permit the collector to correct manifest errors of fact or in the application of the law made by the collector in making the assessment; however, all reductions of assessments based on such errors, except estimated assessments made due to the failure of the taxpayer to file a proper tax return, must be approved and signed by the collector. Estimated assessments made due to the failure of the taxpayer to file a proper tax return may be corrected by the acceptance of the proper tax return and must be approved by the collector or his designee.

Consequently, on September 27, 2010, the Collector instituted the present proceedings by filing a Rule for Payment of Sales Tax against each of the Companies for payment of taxes, penalties, interest, and attorney fees pursuant to La.R.S. 47:337.61.[3]

---

[3] Louisiana Revised Statutes 47:337.61 provides as follows:

In addition to any other procedure provided in this Chapter or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the taxing authority, or by or on behalf of the collector, for taxes and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:

(1) All such proceedings, whether original or by intervention or third opposition or otherwise, brought by or on behalf of the taxing authority, or by or on behalf of the collector, for the determination or collection of any tax, interest, penalty, attorney fees, costs or other charge claimed to be due shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.

(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses, and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.

(3) That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court, and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeal or to the supreme court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment.

(4) Whenever the pleadings filed on behalf of the taxing authority, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.

4

The Companies responded to these proceedings by filing exceptions, affirmative defenses, and answers to each Rule for Payment of Sales Tax. Thereafter, and with leave of court, the Collector filed a Supplemental and Amending Petition for Rule to Show Cause in Summary Sales and Use Tax Proceeding in each proceeding. In addition, the Collector filed exceptions of lack of subject matter jurisdiction and exceptions of preemption in response to the Companies' exceptions, affirmative defenses, and answers. The Collector also filed motions for partial summary judgment. Responding to the supplemental petitions, the Companies again raised exceptions, affirmative defenses, and filed answers thereto.

On January 5, 2012, the trial court held a hearing only on the motions for partial summary judgment. Based upon its determination that the April 26, 2010 Second Revised Assessments were final, the trial court granted partial summary judgments against each Company in favor of the Collector. The Companies appealed their respective judgments, and the Collector answered the appeals, seeking sanctions for frivolous appeals. These matters were consolidated by this court on appeal.

## ASSIGNMENTS OF ERROR

On appeal, the Companies assign four errors by the trial court. They first assert that the trial court erred in failing to find that the Notice of Assessment-Extensions did not comply with La.R.S. 47:337.51(A), thereby making said notices invalid and void. The Companies next assert that the trial court erred in concluding that the requirements of La.R.S. 47:337.51(A) need not have been specifically enumerated in these cases since the taxpayers were large companies. The Companies further assert that the trial court erred in failing to find that the claims for taxes had prescribed prior to the issuance of the Notice of Assessment-

5

Extensions. Finally, they contend that the trial court erred in granting the motions for partial summary judgment because the affidavits filed in support thereof were not based on personal knowledge and that genuine issues of material fact as to the amount of taxes owed by the Companies remain in dispute.

**LAW AND DISCUSSION**

*STANDARD OF REVIEW*

Our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, [06-363 (La. 11/29/06)], 950 So.2d 544, [*see* La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, [06-1181 (La. 3/9/07)], 951 So.2d 1058[ ]; *King v. Parish National Bank*, [04-337 (La. 10/19/04)], 885 So.2d 540, 545; *Jones v. Estate of Santiago*, [03-1424 (La. 4/14/04)], 870 So.2d 1002[.]

> *Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

*Jagneaux v. Frohn*, 11-461, p. 2 (La.App. 3 Cir. 10/5/11), 74 So.3d 309, 310.

*ASSIGNMENTS OF ERROR NUMBERS ONE & TWO*

*Louisiana Revised Statutes 47:337.5−Notice*

In these combined assignments of error, the Companies essentially allege that the trial court erred in finding that the Collector's notices (in globo) failed to comply with La.R.S. 47:337.51(A) and were, therefore, invalid and void. The notice in question is as follows:

> **NOTICE:** As provided in LA R. S. 47:337.51B, if you wish to protest, you have thirty (30) days from the date hereof to file with this office a written protest, signed by you or your duly authorized agent, which shall be under oath, fully disclosing the reasons therefor, and request a hearing.

6

If you do not timely file a written protest and request a hearing, you have sixty (60) calendar days from the date hereof to:

1) Pay the amount set forth herein above,

2) Pay the total amount set forth herein above under protest as provided in LA R.S. 47:337.63 and file suit for recovery within thirty (30) days of payment, or

3) Within thirty (30) days of receipt of this Notice of Assessment, file suit in any state court of competent jurisdiction contesting the final assessment, and in connection therewith, post a commercial bond or other security as provided in LA R.S. 47:337.64 in accordance with the procedures set forth therein.

**Do not disregard this notice, failure to act within the time or manner provided will result in the assessment becoming final and enforceable by warrant for distraint. Additional penalties, interest and collection fees may be assessed at that time.**

Any questions concerning this notice may be directed to the undersigned representative.

Respectfully,

Department of Revenue & Taxation
Sales and Use Tax Division
Parishes of Concordia, Catahoula, Caldwell,
East Carroll, LaSalle and Tensas

BY: _____[Original Signed]_____
       Thomas H. O'Neal

---

**IMPORTANT:** The collector may, in his discretion, proceed to enforce the collection of any taxes due by means of any of the following remedies or procedures: (1) Assessment and distraint, as provided by R.S. 47:337.48 through 337.60, (2) Summary court proceeding, as provided in R.S. 47:337.61, (3) Ordinary suit under provisions of the general laws regulating actions for the enforcement of obligations, (4) Rule to cease business as provided in R.S. 47:337.33. The Collector by issuing this Notice does not waive the right to assert such other remedies.

---

Our brethren in the second circuit squarely addressed the issue of the validity of the same Notice and Assessment(s) pursuant to La.R.S. 47:337.51 in the case of *Caldwell Parish School Board v. Louisiana Machinery Co., LLC*, 47,349, 47,350 (La.App. 2 Cir. 5/16/12), 94 So.3d 144.[4]  In *Caldwell*, the second circuit found the same notices to be statutorily and substantially deficient in that they did not specifically give notice to the taxpayers that they had sixty days from the date of the notices to request a hearing on the matter.  We agree.

We are, however, mindful of the fact that there are a number of other tax cases involving Louisiana Machinery Rentals, LLC and/or Louisiana Machinery Company, LLC in a number of parishes and judicial districts concerning La.R.S. 47:337.51 (Sec. 51) and La.R.S. 47:337.61 (Sec. 61).  Some of these cases have

---

[4] We note that the supreme court, in docket number 12-1383, granted writs on September 28, 2012.

been decided in favor of the tax collector; some have been decided in favor of the taxpayer; and, several are presently before our supreme court on supervisory writs.

Of particular interest, we note this court's recent decision in *Jefferson Davis Parish School Board*, *ex rel. Sales/Use Tax Dep't v. Louisiana Machinery Rentals*, *LLC*, 11-510, 11-512 (La.App. 3 Cir. 10/5/11), 74 So.3d 1272, *writ denied*, 11-2437 (La. 1/13/12), 77 So.3d 972, wherein we held that the Jefferson Davis Parish School Board properly followed the procedure outlined in Sec. 51; however, the issue of proper notice was neither argued nor assigned as error in the *Jefferson Davis* case. Therefore, that case is readily distinguishable and neither persuasive nor controlling.

We are also cognizant of this court's recent decisions in *LaSalle Parish School Board v. Louisiana Machinery Rentals*, *LLC*, 12-259 (La.App. 3 Cir. 6/6/12), 92 So.3d 1232, and *LaSalle Parish School Board v. Louisiana Machinery Co.*, *LLC*, 12-276 (La.App. 3 Cir. 6/6/12), 92 So.3d 1238 (collectively referred to herein as *LaSalle*). We likewise distinguish *LaSalle* as it relied on *Normand v. Randazzo*, 11-308 (La.App. 5 Cir. 12/28/11), 85 So.3d 707, *writ denied*, 12-285 (La. 4/9/12), 85 So.3d 697. *LaSalle* differs from *Normand*. In *Normand*, the summary proceeding was brought as an alternative to the assessment procedure. In the instant case and in *LaSalle*, the summary proceedings were entirely premised and dependent upon the alleged finality of the assessments. Additionally, in *Normand*, contrary to *LaSalle*, there was a hearing in the summary proceeding wherein testimony was presented and documentary evidence was introduced on the merits of the tax collector's claims. In *LaSalle*, the taxpayers were precluded from presenting any evidence on the assessment or raising any defenses. Due to the significant inconsistency and distinguishing factors in *LaSalle* and *Normand*, we

8

elect to follow *Normand* as the more accurate statement of the law relative to the requirements of Sections 51 and 61.

Louisiana Revised Statutes 47:337.51(A)(prior to January 1, 2011)(emphasis added) specifically states that, "This notice shall inform the taxpayer of the assessment and that he has **sixty calendar days** from the date of the notice to (a) pay the amount of the assessment; (b) **request a hearing** with the collector; or (c) pay under protest. . . ." The statute reads "shall[,]" and it requires that the notice inform the taxpayer that he has sixty days to request a hearing.

The notice in the instant case does not state that the taxpayer has sixty days to request a hearing. The notice states that the taxpayer has sixty days to pay the amount set forth therein, pay the amount therein under protest, or file suit within thirty days of receipt of the notice. It does not state anywhere in the notice, as mandated by the statute, that the taxpayer has sixty days to request a hearing.

After thoroughly reviewing the facts in the instant case, and considering the jurisprudence pertaining to the notice requirements of La.R.S. 47:337.51(A) prior to January 1, 2011, we find the notice in the instant case to be deficient and the assessment invalid due to its failure to state that the taxpayer has sixty days from the date of the notice to request a hearing as mandated by the statute. As such, the written notice given in the instant case does not comply with La.R.S. 47:337.51(A) and does not have the preclusive and legal effect of denying the Companies the right to present their defenses in response to the Collector's claims, even in a summary proceeding.

### *Louisiana Revised Statutes 47:337.61*

The fact that we find the notice deficient and the assessment invalid under Sec. 51 does not conclude this matter. The Collector still has the option to proceed with summary proceedings in accordance with Sec. 61, which it did.

The Uniform Local Sales Tax Code (ULSTC), La.R.S. 47:337.1, *et seq.*, is the law which governs the local collection and enforcement of sales and use taxes. Louisiana Revised Statutes 47:337.45[5] allows the Collector three options "to enforce the collection of any taxes due under the local ordinance": assessment and distraint (Sec. 51); summary court proceedings (Sec. 61); or ordinary suit for the enforcement of obligations. There is also an alternative procedure under La.R.S. 47:337.33 which allows the Collector to pursue an injunction. Because the Collector did not seek an injunction and did not file an ordinary suit for enforcement of the obligation, these remedies are not at issue and need not be addressed.

In the instant case, the Collector began its sales and use tax collection proceedings by assessment and distraint in accordance with Sec. 51, which requires a valid notice as previously discussed. Later on in the proceedings, the Collector filed supplemental and amending pleadings in order to pursue its claims in a

---

[5] Louisiana Revised Statutes 47:337.45 (prior to January 1, 2011) provided as follows:

A. In addition to following any of the special remedies provided in this Chapter, the collector may, in his discretion, proceed to enforce the collection of any taxes due under the local ordinance by means of any of the following alternative remedies or procedures:

(1) Assessment and distraint, as provided in R.S. 47:337.48 through 337.60.

(2) Summary court proceeding, as provided in R.S. 47:337.61.

(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.

B. The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector, provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:337.63 except (a) when an assessment for the tax in question has become final or (b) when a suit involving the same tax obligation is pending against him; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.

summary proceeding in accordance with Sec. 61, which it was legally entitled to do. Thereafter, the Collector filed motions for partial summary judgment within the summary proceedings and attached its supporting documentation and affidavits in accordance with the provisions of Sec. 61.

Louisiana Revised Statutes 47:331.61(2) specifically allows for defenses to be presented in the summary proceedings. It is undisputed that the Companies presented defenses, including its exception of prescription, which were disallowed by the trial court. In fact, the trial court specifically stated in its ruling "that each of these assessments are final and that the defendant's [sic] [are] precluded from attacking them." The trial court erred in ruling that the Companies could not attack the assessments and present defenses, which is contrary to the provisions of Sec. 61(2). In *Tensas Parish School Board v. Louisiana Machinery Co., LLC*, 47,516, 47,517 (La.App. 2 Cir. 6/29/12), 94 So.3d 1039,[6] on this same issue and set of facts, the second circuit reversed the trial court's grant of partial summary judgments, finding that the taxpayers are allowed to present defenses under Sec. 61. We agree.

In summary, Sec. 51 and Sec. 61 are two separate and distinct remedies available to the Collector in pursuit of its collection of sales and use taxes under La.R.S. 47:337.1, *et seq*. Either may be implemented.

In the instant case, the Collector began in Sec. 51 and ended in Sec. 61. Had this court not held the Collector's Sec. 51 Notice of Assessment to have been defective in its failure to apprise the Companies of their right to request a hearing within sixty days of the notice, the assessment would have been valid and final after that sixty day period, since no action was taken during that time period, and

---

[6] We note that the supreme court, in docket number 12-1762, granted writs on September 28, 2012.

11

the Companies would have been precluded from raising any defenses. However, such was not the case. The Collector's Notice of Assessment was statutorily deficient and defective; therefore, the Collector's claim that the assessment was final and definitive and that the Companies were precluded from challenging same by prescription or otherwise is erroneous and without merit.

The Collector's alternative attempt to proceed with summary proceedings under Sec. 61, though legally permissible, is tainted and thwarted by the trial court's refusal to allow the Companies to present its defenses to the Collector's claims, which the statute specifically permits. Consequently, the trial court's grant of the Collector's motions for partial summary judgment must be reversed and the matter remanded for further proceedings consistent herewith.

### ASSIGNMENT OF ERROR NUMBER THREE

*Prescription*

In this assignment of error, the Companies allege that the trial court erred in not finding the Collector's claim for taxes to have been prescribed. Whether the Collector's claim for taxes had prescribed was neither addressed nor ruled upon by the trial court. The trial court did not consider this issue since it disallowed any and all defenses, including the exception of prescription, presented by the Companies. Having reversed the trial court's ruling that the Collector's Notice of Assessment under Sec. 51 was valid and having found that the Companies are legally permitted under Sec. 61 to assert defenses to the Collector's claims, we remand this matter to the trial court for consideration and ruling upon the defenses, including the exception of prescription, asserted by the Companies.

### ASSIGNMENT OF ERROR NUMBER FOUR

The Companies allege that the trial court erred in granting the Collector's motions for partial summary judgment in that the supporting affidavits were not

12

based on personal knowledge and that genuine issues of material fact existed as to the amount of tax owed by them. We agree.

In order to respond to this assignment of error, we must first differentiate between a summary judgment proceeding and summary proceedings. They are not one and the same.

In the instant case, the Collector filed motions for partial summary judgment within the summary proceedings provided for in Sec. 61. However, the rules for summary judgment are different from the rules set forth in the summary proceedings allowed in Sec. 61. Specifically, the evidentiary rules in a summary judgment proceeding are strict and definitive. Only certain evidentiary matters may be considered in a summary judgment proceeding, e.g., pleadings, depositions, answers to interrogatories, admissions, and affidavits. La.Code Civ.P. art. 966(B). No testimony is allowed. Additionally, in a summary judgment proceeding, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La.Code Civ.P. art. 967(A).

This is contrary to the admissibility of affidavits permissible in summary proceedings allowed under Sec. 61. An affidavit in accordance with Sec. 61(4) only requires "that the facts as alleged are true to the best of the affiant's knowledge or belief," not that the affiant must have personal knowledge of the matters stated therein as required in summary judgment affidavits. This nuance creates a conflict between the requirements of admissible affidavits when a motion for summary judgment is filed within summary proceedings allowed under Sec. 61, as is the case herein.

Furthermore, a summary judgment proceeding is only a type of summary proceedings. Summary proceedings are defined as "those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." La.Code Civ.P. art. 2592. Summary proceedings may be used for trial or disposition of those matters specifically set forth in La.Code Civ.P. art. 2592. Louisiana Code of Civil Procedure Article 2592(12) states that summary proceedings are allowed in "[a]ll other matters in which the law permits summary proceedings to be used." Sec. 61 provides for the use of summary proceedings for the hearing and determination of all claims by or on behalf of the taxing authority or tax collector by preference in all courts. The summary proceedings in Sec. 61 allow for defenses to be presented and testimony to be had. This is contrary to a summary judgment proceeding which has strict evidentiary requirements and does not permit testimony.

Considering this disparity, a motion for summary judgment is problematic and inappropriate in Sec. 61 summary proceedings unless the legal requirements for all pertinent statutes are met. The affidavits by Mr. Thomas H. O'Neal, the Sales Tax Director for the Concordia Parish School Board, in the Sec. 61 proceedings, were valid, but those same affidavits are invalid in a summary judgment proceeding because they were not based on requisite personal knowledge. The matter comes before us in a summary judgment proceeding; therefore, the affidavits, which were not based on personal knowledge, were inadmissible, and the grant of the partial summary judgments improvident. This in no way precludes the use of Sec. 61 affidavits in summary proceedings in Sec. 61 hearings; however, should a summary judgment proceeding be implemented in

14

summary proceedings under Sec. 61, the strict evidentiary requirements of a summary judgment proceeding must be followed.

Even assuming, arguendo, that the notice herein is determined to be satisfactory, the grant of summary judgment must be and is reversed, as it was based on legally deficient affidavits and incompetent evidence.

### *ANSWER TO APPEAL*

Finally, we must consider the Collector's request for sanctions against the Companies for frivolous appeals. When considering allegations of a frivolous appeal, this court has stated:

> The Louisiana Supreme Court has instructed appellate courts to award damages for frivolous appeal only when an appeal is taken for purposes of delay or when appellate counsel is not sincere in the belief of the view he or she advances on appeal. *Middleton v. City of Natchitoches*, 06-1531 (La.App. 3 Cir. 4/4/07), 954 So.2d 356. Damages will not be awarded where the slightest justification is found for taking the appeal and even where the appellant does not prevail. *Id*.

> *Roy v. Alexandria Civil Serv. Comm'n*, 07-1458, p. 6 (La.App. 3 Cir. 4/2/08), 980 So.2d 225, 229.

*Succession of Brown*, 10-1394, p. 10 (La.App. 3 Cir. 6/29/11), 69 So.3d 1211, 1217.

In the instant matter, we have found the Companies' appeals to be meritorious; therefore, the appeals are not frivolous. Thus, we deny the Collector's request for sanctions for frivolous appeal.

### **DECREE**

For the reasons expressed herein, the trial court's grant of the partial summary judgments in favor of the Catahoula Parish School Board and Catahoula Parish Police Jury, and against Louisiana Machinery Rentals, LLC, and Louisiana Machinery Company, LLC, are reversed. Additionally, this matter is remanded to

the trial court for further proceedings consistent herewith.  Costs of this appeal are assessed to the Catahoula Parish School Board and Catahoula Parish Police Jury in the amount of $4,362.45 pursuant to La.R.S. 13:5112.

**REVERSED AND REMANDED.**