NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-276

LASALLE PARISH SCHOOL BOARD,
TOWN OF JENA AND TOWN OF OLLA

VERSUS

LOUISIANA MACHINERY COMPANY, LLC

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 37,446
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

OPINION ON REMAND

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
John E. Conery, Judges.

REVERSED AND REMANDED.

**Robert R. Rainer**
**Drew M. Talbot**
**Fredrick Mulhearn**
**Rainer Anding Talbot & Mulhearn**
**8480 Bluebonnet Boulevard, Suite D**
**Baton Rouge, LA 70810**
**(225) 766-0200**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Lasalle Parish School Board**
**Town of Olla**
**Town of Jena**

**Jesse R. Adams, III**
**Andre B. Burvant**
**Kathryn S. Friel**
**Matthew A. Mantle**
**Jones Walker LLP**
**201 St. Charles Avenue, 51st Floor**
**New Orleans, LA 70170**
**(504) 582-8000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Louisiana Machinery Company, LLC**

**CONERY, Judge.**

This case was initially before this court on an appeal filed on behalf of Louisiana Machinery Rentals, LLC ("Taxpayer") seeking to reverse the ruling of the district court granting partial summary judgment to plaintiffs, LaSalle Parish School Board and the Towns of Jena and Olla, whose designated sales and use tax collector is the Concordia Parish School Board ("Collector"). This court affirmed the ruling of the trial court in favor of the Collector in *LaSalle Parish Sch. Bd. v. Louisiana Machinery Co., LLC*, 12-276 (La.App. 3 Cir. 6/6/12), 92 So.3d 1232.

Pursuant to its decision on a writ of certiorari granted January 17, 2014 under Docket No. 12-1567, the Louisiana Supreme Court issued a remand order to this court "to consider the matter in light of [the supreme court's] recent opinions in *Washington Parish Sheriff's Office v. Louisiana Machinery Co., LLC*, 13-0583 (La. 10/15/13), [126] So.3d [1273], and *Catahoula Parish Sch. Bd., v. Louisiana Machinery Co., LLC*, 12-2504 (La. 10/15/13), [124] So.3d [1065]." *LaSalle Parish Sch. Bd., et al. v. Louisiana Machinery Co.*, LLC., 12-1567, p. 1 (La. 1/27/14), 130 So.3d 333, 333; *LaSalle Parish Sch. Bd., et al. v. Louisiana Machinery Rentals, LLC.*, 12-1568, p. 1 (La. 1/17/14), 130 So.3d 333, 333.

In response to the supreme court's remand, we ordered additional briefing from the parties and fixed the case for submission on briefs. We received the requested briefing, but the Collector went beyond the supreme court's remand order and argued that the Taxpayer's initial appeal to this court was untimely pursuant to La.R.S. 47:337.61(3). In essence, the Collector urged this court to hold that the district court's judgment was final, to dismiss the Taxpayer's appeal, and to remand this case to the district court for adjudication of the Collector's remaining claims.

The Collector suggests that this court should decline to follow the supreme court's remand instructions and, in support of its position, urges the application of the "companion cases," *Caldwell Parish Sch. Bd., et al., v. Louisiana Machinery Co., LLC*, 12-1383 consolidated with *Tensas Parish Sch. Bd., et al. v. Louisiana Machinery Co., LLC, et al.* 12-1762 (La.1/29/13), 110 So.3d 993, to show that the appeal taken by the Taxpayer in this case was untimely. The Collector also raised the issue of lack of jurisdiction due to the untimely filing of the Taxpayer's appeal in its briefing to the supreme court.

When the supreme court granted the Taxpayer's writ application, heard the case, and remanded this case with specific instructions to consider their opinions in *Washington* and *Catahoula*, it had already issued its opinions in *Caldwell* and *Tensas*. Thus, the supreme court was well aware of its prior rulings and, by its silence, rejected the Collector's argument. *Barham & Arceneaux v. Kozak*, 02-2325 (La.App. 1 Cir. 3/12/04), 874 So.2d 228, *writ denied*, 04-930 (La. 6/4/04), 876 So.2d 87. There was no timely application by the Collector for rehearing to the supreme court. Thus, the supreme court's ruling remanding this case in light of *Washington* and *Catahoula* is final pursuant to La.Code Civ.P art. 2167.[1]

Our review on remand is limited to the supreme court's specific remand instructions. *Stafford's Heirs v. Renshaw*, 33 La.Ann. 443 (La.1881); *Farm Credit Bank of Texas v. Sturgeon*, 93-1536 (La.App. 3 Cir. 6/1/94), 640 So.2d 666.

Following the mandate of the supreme court, we must consider the case on remand in light of *Washington* and *Catahoula*. In *Catahoula*, the supreme court

---

[1]Louisiana Code of Civil Procedure Article 2167(B) states in pertinent part, "A judgment of the supreme court becomes final and definitive when the delay for application for rehearing has expired and no timely application therefor has been made."

affirmed the decision of another panel of this court[2] and specifically held that the mandatory notice requirements of La.R.S. 47:337.51(A), upon which the Collector based its motion for partial summary judgment, were deficient, and therefore, the assessments were not final. The supreme court further reasoned, based on its previous finding that the Collector's assessments lacked the required finality pursuant to La.R.S. 47:337.51(A), that "the validity of the notices of assessments constituted an essential element of the Collector's claims rather than strictly a defense asserted by the Companies." *Catahoula*, 124 So.3d at 1076. Based on its holding that the Collector's assessments were not final, the supreme court proceeded to "determine whether the Collector is entitled to partial summary judgments absent reliance on the assessments." *Id.* Without a final assessment, "the Collector was required to support its claims for taxes with evidence." *Id.* at 1077. The supreme court stated:

> The facts alleged in the Collector's petitions and attested to by the supporting affidavit were incorrect relative to the adequacy of the notices of assessments and the finality of the assessments, thus they do not constitute a prima facie case establishing the Companies owe the alleged tax amounts. Further, the Collector did not submit any additional documentation or other evidence to prove or support its tax claims. Under these factual circumstances, the Collector failed to prove the substance of its tax claims, and the district court erred in granting the motions for partial summary judgment.

*Id.*

Finally, the supreme court discussed the timeliness of defenses raised by the Taxpayer, which are controlled by La.R.S. 47:337.61(2) and "require[] all defenses to be 'presented at one time' and filed 'prior to the time fixed for the hearing;'

---

[2]*Catahoula* involved the consolidated cases of *Catahoula Parish Sch. Bd. v. Louisiana Machinery Rentals, LLC*, 12-443 (La.App. 3 Cir. 10/24/12), 105 So.3d 169, and *Catahoula Parish Sch. Bd. v. Louisiana Machinery Rentals, LLC*, 12-444 (La.App. 3 Cir. 10/24/12), 105 So.3d 169.

otherwise, the court is prohibited from considering the defense." *Id.* The supreme court found that all defenses asserted in connection with a supplemental petition filed "prior to the scheduled hearing date on the supplemental petitions . . . were filed timely." *Id.*

For the reasons assigned in *Catahoula*, the supreme court decided *Washington,* finding that "revised notice of assessments did not comply with the mandatory statutory notice provisions of La.R.S. 47:337.51(A) and, therefore, the assessments were not final. . . . [and] that the record does not support the Collector's motions for partial summary judgment absent reliance on the assessments." *Washington*, 126 So.3d at 1278.

In this case, the procedural posture and the Collector's submissions to the trial court as the basis for the motion for summary judgment are identical to those in *Washington* and *Catahoula*. As in *Washington* and *Catahoula*, the notice here lacked the required finality pursuant to La.R.S. 47:337.51(A), and therefore, it must be determined whether the Collector in this case is entitled to partial summary judgment absent reliance on the Collector's revised notice of assessments. As in *Catahoula*, the assessments in this case are not final due to defective notice. In order to prevail on its partial motion for summary judgment, the Collector would have had to support its claim for taxes with evidence. Accordingly, after due consideration of the supreme court's rulings in *Washington* and *Catahoula* and a review of the facts and procedural posture of the case before us on remand, we find that a reversal and remand to the district court is required for such a determination. We therefore reverse the trial court's grant of partial summary judgment in favor of the LaSalle Parish School Board, Town of Jena, and Town of Olla. We remand the matter to the trial court for further proceedings

4

consistent with the supreme court's decisions.  Costs of this appeal are assessed equally to the LaSalle Parish School Board, Town of Jena, and Town of Olla pursuant to La.R.S. 13:5112.

**REVERSED AND REMANDED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION. Uniform Rules— Courts of Appeal, Rule 2-16.3.**