CLARK, Justice.
|TWe granted certiorari in these consolidated cases in order to determine whether the court of appeal erred in overturning the rulings of the district courts with regard to certain tax assessments. Questions were raised as to whether review 12by this Court and the court of appeal was timely sought. Because we have determined that the application to this Court in Caldwell Parish School Board, 12-C-1383, was untimely filed, and the underlying appeal to the court of appeal in Tensas Parish School Board, 12-C-1762, was also untimely filed, we find we lack jurisdiction to consider the validity of the decision of the court of appeal in Caldwell Parish School Board, and the district court judgment in Tensas Parish School Board is final and definitive.
Facts and Procedural History
In these consolidated cases, the Concor-dia Parish School Board (the “Collector”), pursuant to Louisiana Constitution, Article VII, § 3(B), has been designated as the single collector for sales and use taxes levied by all taxing authorities in Caldwell and Tensas Parishes. The Collector, acting on behalf of the Caldwell Parish School Board, the Caldwell Parish Police Jury, Caldwell Parish Hospital District # 1, and *995 the Town of Columbia in Caldwell Parish School Board, and on behalf of the Tensas Parish School Board, the Tensas Parish Police Jury, the Town of Newellton, the Town of St. Joseph, and the Tensas Parish Law Enforcement District in Tensas Parish School Board, began tax collection proceedings against Louisiana Machinery Company, L.L.C., and Louisiana Machinery Rentals, L.L.C., after audits indicated the two companies underpaid sales and use taxes for the period December 1, 2000, through June 30, 2007.
The Collector sent tax assessment notices in both proceedings to the two companies on three occasions. The dates and language of the notices were the same, although the amounts assessed were different. The notices read, in pertinent part:
NOTICE: As provided in La. R.S. 47:387.51 B, if you wish to protest, you have thirty (30) days from the date hereof to file with this office a written protest, signed by you or your duly authorized agent, which |sshall be under oath, fully disclosing the reasons therefor, and request a hearing.
If you do not timely file a written protest and request a hearing, you have sixty (60) calendar days from the date hereof to:
1) Pay the amount set forth herein above,
2) Pay the total amount set forth herein above under protest as provided in La. R.S. 47:337.63 and file suit for recovery within thirty (30) days of payment, or
3) Within thirty (30) days of receipt of the Notice of Assessment, file suit in any state court of competent jurisdiction contesting the final assessment, and in connection therewith, post a commercial bond or other security as provided in La. R.S. 47:337.64 in accordance with the procedures set forth therein.
Do not disregard this notice, failure to act within the time or manner provided will result in the assessment becoming final and enforceable by warrant for distraint. Additional penalties, interest and collection fees may be assessed at that time (Emphasis in original).
Following the notices of assessment sent on December 24, 2009, the companies submitted additional documentation to the Collector. The Collector, on February 22, 2010, sent out revised assessments with amended amounts due, but containing the same legal remedies in the previous notices. Again, the companies responded by submitting additional documentation. Finally, on April 26, 2010, the Collector sent the companies another revised assessment containing amended amounts due, and, again, containing the same legal notice.
After neither company responded to the April 26, 2010, notices, on September 24, 2010, the Collector filed separate summary proceedings on behalf of the taxing entities against both companies in the appropriate district courts, the Thirty-seventh Judicial District Court in Caldwell Parish School Board and the Sixth Judicial District Court in Tensas Parish School Board, alleging the companies owed sales and use taxes, penalties, interest, and attorney fees. The ^companies answered the petitions and filed various exceptions, including exceptions of prescription and no cause of action.
In October 2010, the Collector filed motions for partial summary judgment in all suits, asserting the tax assessments became final on June 25, 2010, sixty days after the April 26, 2010, notices were issued to the companies; the notices were the equivalent of judgments; and the notices established the companies’ liability. *996 The district courts agreed, granting the motions for partial summary judgment in favor of the taxing entities. The companies appealed all four judgments.
The court of appeal consolidated the two Caldwell Parish suits and reversed the district court’s granting of the taxing entities’ motions for summary judgment. Caldwell Parish School Board v. Louisiana Machinery Co., L.L.C., 47,349, 47,350 (La.App. 2 Cir. 5/16/12), 94 So.3d 144. The court of appeal then consolidated the two Tensas Parish suits and, again, reversed. Tensas Parish School Board v. Louisiana Machinery Co., L.L.C., 47,516, 47,517 (La.App. 2 Cir. 6/29/12), 94 So.3d 1039. We granted certiorari in the two consolidated matters, Caldwell Parish School Board v. Louisiana Machinery Co., L.L.C., 12-1383 (La.9/28/12), 98 So.3d 822, and Tensas Parish School Board v. Louisiana Machinery Co., L.L.C., 12-1762 (La.9/28/12), 98 So.3d 823, and in turn, consolidated them for argument and opinion.
Discussion
Questions were raised whether the application to this Court in Caldwell Parish School Board was filed timely, and whether the underlying appeal in Tensas Parish School Board was filed timely. Both questions must be answered before we can address the merits of the cases.
Caldwell Parish School Board— Timeliness of the Application in this Court
Louisiana Supreme Court Rule X, § 5(a) provides:
| ¡An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted.
Here, the court of appeal rendered its opinion on March 16, 2012. The taxing entities filed an application for rehearing of that judgment. On May 31, 2012, the court of appeal, citing La. R.S. 47:337.61(3), refused rehearing. The taxing entities then filed a writ application in this Court on Monday, June 18, 2012, less than thirty days after the court of appeal refused rehearing, but more than thirty days after the court of appeal opinion.
Louisiana Machinery Company, L.L.C., argues that, as found by the court of appeal, La. R.S. 47:337.61(3) expressly prohibits a rehearing in a summary proceeding to collect taxes. Therefore, the company argues, the thirty-day period for seeking a writ application to this Court was not extended by the Collector’s improper filing of a motion for rehearing. The Collector, on the other hand, argues that the statute’s prohibition on rehearing only applies to the trial court.
We determine the meaning of statutes in accordance with the rules of statutory construction. In accord with these rules, the interpretation of any statutory provision starts with the language of the statute itself. In re Succession of Faget, 10-0188, p. 8 (La.11/30/10), 53 So.3d 414, 420. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written. ABL Mgmt., Inc. v. Bd. of Supervisors of Southern Univ., 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135. Further, *997 when interpreting a statute, the court should give it the meaning the legislature intended. ABL Mgmt., Inc., 00-07986 at 6; 773 So.2d at 135. A statute’s provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. R.S. 1:4; In re Clegg, 10-0323, p. 20 (La.7/6/10), 41 So.3d 1141, 1154. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. La. R.S. 1:3. Words and phrases must be read in context and construed according to the common and approved usage of the language. La. R.S. 1:3. “The word ‘shall’ is mandatory and the word ‘may’ is permissive.” La. R.S. 1:3. Further, every word, sentence, or provision in a law is presumed to be intended to serve some useful purpose, that some effect is given to each such provision, and that no unnecessary words or provisions were employed. Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd., 06-1104, p. 6 (La.1/17/07), 947 So.2d 15, 19.
The statute in question, La. R.S. 47:337.61, reads in pertinent part:
In addition to any other procedure provided in this Chapter or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the taxing authority, or by or on behalf of the collector, for taxes and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:
[[Image here]]
(3) That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court, and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeal or to the supreme court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment.
La. R.S. 47:337.61 (emphasis added).
|7The statute is certainly not unambiguous as to whether rehearings are allowed in appellate courts. The sentence “[n]o new trial, rehearing or devolutive appeal shall be allowed” seems to be in the section dealing with proceedings in the trial court prior to appeal, as it refers to motions for new trial and motions for devolu-tive appeals, which may only be taken from judgments in the trial court. However, use of the term “rehearing” in this sequence is confusing, as there is no procedure in the Code of Civil Procedure for rehearing in the trial court, and this fact has been recognized by at least one appellate court. See Hargrave v. Delaughter, 08-1168, p. 10 (La.App. 3 Cir. 3/4/09), 10 So.3d 245, 252. Moreover, in Vasalle v. Wal-Mart Stores, Inc., 01-0462 (La.11/28/01), 801 So.2d 331, this Court questioned whether there is any formal procedural means for a litigant to ask a trial court to reconsider an earlier judgment:
Wal-Mart argues that plaintiffs’ motion seeking reconsideration of their *998 original motion for JNOV, filed February 18, 1999, was untimely and unauthorized by the Code of Civil Procedure and, as it was the vehicle and the authority for the trial court to reverse its January 29, 1999 ruling, could not have been considered by the court. We need not, however, determine whether the motion for reconsideration has a place in our trial practice or whether the motion, if it is a valid motion, was timely filed because this motion was not the source of the district court’s authority for granting plaintiffs’ motion for JNOV. As explained above, a trial court may correct an interlocutoiy ruling it later determines was erroneously issued on its own motion. Because the judge had that right, he had the right to accomplish the same end indirectly by acting on plaintiffs’ request that he reconsider his ruling.
Under these circumstances, the only logical conclusion is that the term “rehearing” refers to rehearing in the court of appeal. This reasoning is reinforced by the overall emphasis of the statute on expediting the procedure in both the trial and appellate courts. In support, we note the statute makes it clear the case “shall be decided within forty-eight hours after submission, whether in term time or in 18vacation, and whether in the court of first instance or in an appellate court....” La.R.S. 47:337.61 (emphasis added). Seen in this context, it follows that the legislature would eliminate rehearings in an effort to make the judgment final as soon as possible.
Therefore, a rehearing is not allowed in this instance. Louisiana Supreme Court Rule X, § 5(a) provides the thirty-day period for applying for a writ of certiorari may be extended “if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed” (emphasis added). Because a rehearing was not allowed, the thirty-day period ran from the date the court of appeal issued notice of judgment on May 16, 2012, and the application was due in this Court on Friday, June 15, 2012.
The Collector filed its writ application in this Court by Federal Express delivery on Monday, June 18, 2012. Supreme Court Rule X, § 5(d) explains “[applications forwarded by private delivery or courier service shall be deemed timely filed only if received by the clerk on or before the last day of the delay for filing.” Because this application was not received on or before June 15, 2012, it is untimely, and we lack jurisdiction to consider the validity of the decision of the court of appeal. See Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666 (1957).
Tensas Parish School Board— Timeliness of the Suspensive Appeal
In 12-C-1762, the Collector argues the court of appeal erred in holding the companies’ suspensive appeals were timely perfected. The district court judgments were signed on December 20, 2011, and notices of judgment were mailed on January 13, 2012. The companies’ appeals were filed on January 17, 2012, which was within five days of the mailing of notice of judgment, but more than five days from the signing of judgment. Relying on La. R.S. 47:337.61, the Collector argues that the companies had only five calendar days from the date the | ¡judgment was rendered to perfect their suspensive appeals.
By contrast, the companies argue the district court did not mail a notice of judgment until January 13, 2012. The companies maintain they complied with La. R.S. 47:337.61, by filing their suspensive appeal on January 17, 2012, within five days of the mailing of notice of judgment.
As stated earlier, La. R.S. 47:337.61(3) provides:
*999 (3) That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court, and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and execu-tory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeal or to the supreme court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment (emphasis added).
Nothing in the Code of Civil Procedure defines how a judgment is rendered. However, Chapter 3 of the code is entitled “Rendition.” The first article in that chapter is La. C.C.P. art. 1911, which provides:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.
This article implies a final judgment is rendered when it is signed by the judge. See also La. R.S. 13:4207 (setting maximum delay for rendering a | judgment under advisement). Such an interpretation would be consistent with the overall intent of the statute, which seems to focus on adjudicating the matter to finality as soon as possible.
On the other hand, it is unclear how the parties would know the trial court signed the judgment without receiving formal notice. La. C.C.P. art.1914 provides the “rendition of an interlocutory judgment in open court constitutes notice to all parties.” However, the judgment in the instant case was not interlocutory in nature, nor was it rendered in open court. Therefore, the judgment would be governed by La. C.C.P. art. 1913(A), which provides “[ejxcept as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.” Nothing in La. R.S. 47:337.61(3) expressly dispenses with the notice requirement. Therefore, it could be argued that rendition of the judgment necessarily includes notice to the parties. Such an interpretation would be consistent with the general appeal articles, which provide the appeal delays commence from the mailing of notice. See La. C.C.P. arts.2087 and 2133.
Moreover, as a policy matter, defendant argues it would be unreasonable to begin the five-day appeal delay from the moment the judgment is signed, because it would place an onerous burden on litigants to constantly monitor the status of the case.
However, that concern appears to be lessened in the present case, as the companies approved and submitted the final judgment for the district court judge’s signature; thus, the companies should have *1000 been aware they had a heightened duty to monitor the case, in light of the short appeal delays. Further, the requirements contained in Louisiana District Court Rule 9.5, entitled “Court’s Signature; | n Circulation of Proposed Judgment,” also served to place the defendant on notice. The Rule states in pertinent part:
All judgments, orders, and rulings requiring the court’s signature shall either be presented to the judge for signature when rendered or, if presented later, contain the typewritten name of the judge who rendered the judgment, order, or ruling.
If presented later, the responsible attorney or the self-represented party shall circulate the proposed judgment, order, or ruling to counsel for all parties and to self-represented parties and allow at least five (5) working days for comment before presentation to the court. When submitted, the proposed judgment, order, or ruling shall be accompanied by a certificate regarding the date of mailing, hand delivery, or other method of delivery of the document to other counsel of record and to self-represented parties, stating whether any opposition was received.
Furthermore, the companies’ counsel admitted during oral argument that defendant had, in fact, managed to perfect appeals in several other tax cases brought in summary proceedings, showing that the burden, while “onerous,” is one that may be borne.
Finally, and most importantly, La. R.S. 47:337.61(3) clearly states that suspensive appeals “must be perfected within five calendar days from the rendition of the judgment,” and not “five days from the mailing of notice.” As we stated earlier, such unequivocal provisions are not subject to judicial construction. Although we might find it more equitable from a policy perspective to measure the five-day period for perfecting a suspensive appeal from the date notice was sent, had the legislature intended the appeal delay to be measured from the mailing of notice of judgment, the legislature could have quite easily worded the statute to so provide. By wording the statute as it has, the legislature clearly intended that the period be measured from rendition rather than from mailing of notice. Should the legislature at some point wish to amend the statute to allow the time period to begin at the mailing of notice, as the general appeal statutes provide, it certainly has that power. Unless and until the legislature makes that decision, though, the 11?statute mandates that suspensive appeals must be perfected within five days of the rendition of judgment. Because this appeal was filed more than five days from the rendition of judgment, it was untimely, and the court of appeal erred in determining otherwise.

Conversion of Matter into Ordinary Proceeding

The companies contended that the Collector essentially converted this matter into an ordinary proceeding by filing a motion for partial summary judgment, a procedural device which, they argue, is not available in a summary proceeding. By so doing, the companies assert, they were not bound by the filing delays contained in La. R.S. 47:337.61(3).
The court of appeal in Tensas Parish School Board apparently agreed that summary judgments were not available in summary proceedings, stating: “Within the[ ] general rules for summary proceedings, there obviously is no allowance or need for motions for summary judgment.” Tensas Parish School Board, 94 So.3d at 1044-45. The Third Circuit, however, disagreed with the notion that motions for summary judgment are unavailable in summary proceedings in Catahoula Parish School Board v. Louisiana Machinery *1001 Rentals, LLC, 12-0443, 12-0444 (La.App. 3 Cir. 10/24/12), 105 So.3d 169 (application now pending in this court in 12-C-2504). In Catahoula Parish School Board, a matter factually identical to the instant case, the court of appeal explained, while summary judgments are allowable in summary proceedings, because the evidentiary rules governing a motion for summary judgment are more stringent than the evidentiary rules governing a summary proceeding held under La. R.S. 47:337.61, “should a summary judgment proceeding be implemented in summary proceedings under Sec. 61, the strict evidentiary requirements of a summary judgment proceeding 11Rmust be followed.” Catahoula Parish School Board, 105 So.3d at 179.[1]
In general, the rules governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law. La. C.C.P. art. 2596. Furthermore, “[t]he summary judgment procedure is designed to secure the ... determination of every action, except those disallowed by Article 969.” La. C.C.P. art. 966(A)(2). La. C.C.P. art. 969 bars the use of summary judgments in most divorce cases.[2]
Because summary proceedings are governed by the rules applicable to ordinary proceedings “except as provided by law,” and no law, particularly La. R.S. 47:337.61, precludes the use of summary judgment in a summary proceeding, summary judgments are not precluded in summary proceedings and their use, therefore, does not convert a summary proceeding into an ordinary proceeding. The delays for review contained in La. R.S. 47:337.61 consequently apply.
Conclusion
In sum, we hold that the writ application to this Court in Caldwell Parish School Board, 12-C-1383, was untimely filed and, thus, we lack jurisdiction to consider the validity of the decision of the court of appeal. We also find that the | uunderlying appeal to the court of appeal in Tensas Parish School Board, 12-C-1762, was untimely filed, and the judgment of the district court in that matter is final and definitive.
Decree
Caldwell Parish School Board v. Louisiana Machinery Co., 12-C-1383
Writ dismissed; not timely filed. See Supreme Court Rule X, § 5.
Tensas Parish School Board v. Louisiana Machinery Co., 12-C-1762
*1002 Reversed; judgment of the trial court reinstated.

. Because the issue of whether the affidavits introduced in support of a motion for summary judgment filed in a summary proceeding described in La. R.S. 47:337.61 must follow the evidentiary requirements contained in C.C.P. art. 968 is not necessary to our resolution of these matters, we pretermit its discussion.

. La. C.C.P. art. 969:
A. Judgments on the pleadings and summary judgments shall not be granted in any action for divorce or annulment of marriage, nor in any case where the community, paraphernal, or dotal rights may be involved in an action between husband and wife.
B. (1) Notwithstanding the provisions of Paragraph A, judgments on the pleadings and summary judgments may be granted without hearing in any action for divorce under Civil Code Article 103(1) under the following conditions:
(a) All parties are represented by counsel;
(b) Counsel for each party, after answer is filed, file a written joint stipulation of facts, request for judgment, and sworn verification by each party; and
(c) Counsel for each party file a proposed judgment containing a certification that counsel and each party agree to the terms thereof.
(2) The court may render and sign such judgments in chambers without a hearing and without the taking of testimony.