ROBERT A. CHAISSON, Judge.
| ¡/Plaintiff, St. John the Baptist Parish School Board in its role as collector of sales and use taxes for the Parish of St. John the Baptist (“Collector”), appeals the ruling of the 40th Judicial District Court denying a money judgment pursuant to La. R.S. 47:337.61 and denying an injunction pursuant to La. R.S. 47:337.33 against defendants, Prudhvi Mandava, individually and as a member of Sarojini Devi Enterprises, LLC, Sarojini Devi enterprises, LLC, d/b/a Kaleidoscoops and Hollywood Cinemas 7 (collectively “Mandava”) for delinquent taxes, interest, and penalties. Because we have determined that the sus-pensive appeal of this matter was untimely filed, we find we lack jurisdiction to consider the merits of the district court’s judgment.
FACTS AND PROCEDURAL HISTORY
On June 6, 2014, Collector, acting in its capacity as taxing authority, filed a petition for a suit for summary rule pursuant to La. R.S. 47:337.61, one of three | ¡¡enforcement remedies available for the recovery of unpaid sales taxes under the Uniform Local Sales Tax Code (ULSTC), La. R.S. 47:331 et seq. Collector alleged in this first petition that Mandava owed $44,842.40 in unpaid sales taxes from the operation of a local movie theater and ice cream parlor during the periods from March, 2013 to September, 2013 and December, 2013 to April, 2014. Within this petition, Collector additionally sought an injunction under La. R.S. 47:337.33 prohibiting Mandava from further pursuit of business until such time as the delinquent taxes were paid.
On August 22, 2014, the district court held a bench trial on the matter of unpaid taxes, and on October 3, 2014; rendered a judgment in favor Mandava and denying the money judgment and the injunction requested by Collector. Notice of the judgment was mailed October 6, 2014. Collector filed a petition for suspensive appeal of this final judgment on October 17, 2014.
LAW AND ANALYSIS
The enforcement remedy of a summary rule under the Uniform Local Sales Tax Code is designed for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, and attorney’s fees to enforce the collection of any taxes due. La. R.S. 47:337.61. These summary proceedings receive court preference. Id. The statute *1147 also places a strict time limit on the filing of suspensive appeals. La. R.S. 47:337.61(3) states:
That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court; -and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Sus-pensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeals or to the |4supreme court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment. (Emphasis added.)
The Supreme Court has recently interpreted the time delay in this statute as a strict bar against suspensive appeals perfected more than five days after the rendition of the judgment. Caldwell Parish Sch. Bd. v. La. Mach. L.L.C., 12-1383 (La.01/29/13), 110 So.3d 993, 1000. Because Collector filed this appeal on October 17th, more than five days after the rendition of the judgment on October 3rd, the appeal is untimely pursuant to La. R.S. 47:337.61(3).
CONCLUSION
Because Collector’s appeal to this Court was untimely filed, we lack jurisdiction to consider the merits of the district court’s judgment. This appeal is therefore dismissed and the judgment of the district court in this matter is final.

APPEAL DISMISSED