NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-154


LAWRENCE WILSON KINGSLEY

VERSUS

ANN ELIZABETH LANGE, ET AL.



**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 248025
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

JONATHAN W. PERRY

JUDGE

**********

Court composed of Van H. Kyzar, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.


APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.

**Rodney Marchive Rabalais**
**Attorney at Law**
**Post Office Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Ann Elizabeth Lange**

**Ann Lange**
**c/o Alan Lange**
**2957 Mandalay Drive**
**Little Elm, TX 75068**
**(504) 336-2880**
**DEFENDANT/APPELLEE**

**Barbara Bell Melton**
**Faircloth Melton Sobel & Bash, LLC**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**(318) 619-7755**
**COUNSEL FOR THIRD PARTY APPELLEE:**
        **Crowell & Owens, LLC**

**Lawrence Wilson Kingsley**
**In Proper Person**
**2161 West Ridge Drive**
**Lancaster, PA 17601**
**(646) 543-2226**
**PLAINTIFF/APPELLANT:**
        **Lawrence Wilson Kingsley**

**PERRY, Judge.**

This court on its own motion ordered pro se Plaintiff-Appellant, Lawrence Wilson Kingsley ("Kingsley"), to show cause why the appeal in the above captioned case should not be dismissed as having been taken from non-appealable, interlocutory orders. For the reasons stated herein, we dismiss the appeal.

This case arises from Kingsley's "Petition to Declare Trust Terminated" filed in 2013. On October 11, 2021, the trial court signed an order dismissing the case as abandoned effective March 10, 2021, with prejudice. The trial court also ordered that all motions filed after the effective date of the abandonment were also dismissed as improperly filed in the abandoned proceeding. Notice of judgment was mailed to the parties on October 12, 2021. Kingsley filed a timely "Motion and Order for Devolutive Appeal" on November 8, 2021, which is before this court in docket number 22-73. The appeal was lodged in this court on February 7, 2022.

Meanwhile, Kingsley filed two post-judgment "motions," the rulings of which he now appeals in the present docket number. Kingsley filed the first "motion" and order on December 14, 2021, titled "Notice of Intent to Seek Writ and Request for Expedited Consideration." Kingsley states therein that he seeks a writ granting the relief for which he prays for in his proposed Order. In Kingsley's proposed Order, he sought the trial court's reconsideration of its denial of the December 3, 2021, Order, an order prohibiting the intervention of Crowell & Owens ("Crowell"), a law firm that allegedly performed work on behalf of the Lawrence Wilson Kingsley Trust, in the appeal and from expanding the record on appeal, and an order for Crowell to reimburse Kingsley for the expense of opposing its unwarranted attempt to intervene in the appeal. In a handwritten ruling dated December 15, 2021, the trial court stated: "These requests are denied.

However, the appeal may move forward on the previous judg. [sic]. Anything new must be on hold while appeal is in process."

The second motion and order filed by Kingsley on January 21, 2022, is entitled "Motion to Supplement Record and for Contradictory Hearing." Kingsley sought to supplement the record with documents that he believed would be useful for his appeal. He also asked for reconsideration or a contradictory hearing as to why the order of abandonment should not be set aside. In its handwritten ruling of January 21, 2022, the trial court stated, "Denied: the attempt to supplement is not a manner in which evidence not heard or introduced in court is allowed."

On February 14, 2022, Kingsley filed a "Motion and Order for Second Devolutive Appeal," seeking review of the trial court's rulings of December 15, 2021 and January 21, 2022, detailed above. On that same day, the trial court granted Kingsley's second devolutive appeal.

Upon the lodging of the appeal, this court issued a rule to show cause why the appeal should not be dismissed as having been taken from non-appealable, interlocutory orders. Kingsley filed a timely response to the rule.

In his response, Kingsley explains that via the first of the two post-judgment orders, the trial court unreasonably denied his attempt to exclude an admitted non-party, Crowell, when it never filed a motion to intervene in this case. In the second post-judgment order, Kingsley states that the trial court erred in denying his Motion to Supplement Record and for Contradictory Hearing wherein he sought crucial evidence for the appeal in docket number 22-73.

Kingsley argues the post-judgment orders are reviewable as part of his appeal in docket number 22-73. He maintains that it does not matter if the motions are considered interlocutory because they, nonetheless, can be considered as part of the decision in the initial appeal as to whether the order of abandonment should be

2

overturned. Further, Kingsley asserts that the two orders arise from the same case with the same parties and share common issues of fact and law; thus, they have a common nexus of operative fact. Kingsley contends the two post-judgment orders, concerning evidence and the role of nonparty Crowell, relate to a period when the case was active, and thus, should be part of the initial appeal as opposed to being sequestered in a separate appeal. Kingsley explains that the present appeal became necessary when he realized the extent to which the order of abandonment had harmed him. Kingsley further argues that since an appellate court can only review documents which have been before the lower court, and since the surprise rush to judgment on October 11, 2021, prevented him from filing a written response to the motion for abandonment, an appeal or writ was the only way to introduce crucial evidence for the initial appeal.

Next, Kingsley argues that the orders in question are final. "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment." La.Code Civ.P. art. 1841. He asserts that in the dismissed case, there was no longer anything preliminary to determine via the post-judgment motions. Kingsley states that, in granting the motion for abandonment, the trial court determined the fate of the entire case on the assumed merits of Appellees' allegations. The trial court then determined that there was no merit to Kingsley's attempt to set aside the order of abandonment, and in dismissing his second motion for contempt, also determined there was no merit to his claims about Crowell. As such, Kingsley maintains that the two post-judgment orders are final "because they slammed the door shut on reconsideration of the previous rulings."

In the event this court determines that the post-judgment orders are not final, appealable judgments, Kingsley asserts the trial court refused to set a return date for a supervisory writ application even despite reiterated requests by email, phone calls, and letters and because the return date cannot be ascertained from the record, he was unable to pursue a writ. As such, Kingsley argues he had to resort to seeking a new appeal of the orders. Kingsley then requests that this court convert the appeal to a writ application.

Lastly, Kingsley argues that issues about Crowell are collateral to the threshold issue in the appeal before this court in docket number 22-73, which is whether the order of abandonment should be overturned. He asserts that the "collateral order doctrine" as stated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26 (1949), allows appeals of interlocutory orders when they "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action. . ." Kingsley further explains that the collateral order doctrine is discussed in *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992 (1994), as follows:

> The collateral order doctrine is best understood not as an exception to the "final decision" rule laid down by Congress in § 1291, but as a "practical construction" of it, *Cohen* [*v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26]; see, *e.g., Coopers & Lybrand* [*v. Livesay*, 437 U.S.463, 468, 98 S.Ct. 2454, 2457-58 (1978)]. We have repeatedly held that the statute entitles a party to appeal not only from a district court decision that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment," *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945), but also from a narrow class of decisions that do not terminate the litigation, but must, in the interest of "achieving a healthy legal system," cf. *Cobbledick v. United States,* 309 U.S. 323, 326, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940), nonetheless be treated as "final." The latter category comprises only those district court decisions that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action. See generally *Coopers & Lybrand,* [437 U.S. at 463, 98 S.Ct. at 2457-58].

Kingsley maintains that in keeping with *Digital Equipment Corp.*, the post-judgment motion about Crowell conclusively determines his attempt to exclude this would-be intervenor. Further, Kingsley asserts the trial court's refusal to exclude Crowell resolves, though adversely, the question of whether a non-party can continue until this point in the appeal. Lastly, Kingsley contends the orders render unreviewable the question of whether Crowell's pleadings should be stricken.

In opposition to Kingsley's response to the order to show cause, Crowell acknowledges that it is not a party to the trial court litigation. However, Crowell argues that it is a party to the appellate litigation because Kingsley has appealed the denial of his Second Motion for Contempt filed against Crowell in docket number 22-73. Because Kingsley appealed the denial of his Second Motion for Contempt, Crowell contends it did not have to intervene in the trial court litigation to be a party to the appellate litigation. Crowell notes that Kingsley has filed his brief in docket number 22-73 but did not brief the denial of the Second Motion for Contempt. As such, Crowell contends the alleged error is deemed abandoned on appeal. *See e.g.*, *Longino v. City of Oakdale*, 21-296 (La.App. 3 Cir. 11/2/21), 332 So.3d 753. In the event this court agrees and the denial of the Second Motion for Contempt is abandoned on appeal, Crowell asserts that it need not participate in the appellate litigation any further. Further, Crowell maintains that a determination of abandonment on appeal moots the issues regarding the trial court's December 15, 2021, denial of Kingsley's proposed order to enjoin Crowell from interfering with the initial appeal.

Next, Crowell asserts that Kingsley seeks review of non-appealable, interlocutory orders and that neither order at issue herein determines the merits of

5

the litigation. Instead, Crowell asserts that both orders were rendered after a final judgment. Crowell adds that the orders denied Kingsley's attempts to seek relief from the trial court for issues related to his initial appeal in docket number 22-73 over which this court has sole jurisdiction. Finally, Crowell argues that the trial court was divested of jurisdiction after Kingsley's motion for appeal was granted on November 7, 2021, and despite the trial court's attempts to convey this to Kingsley, he still seeks to appeal interlocutory rulings rendered after the final judgment.

Additionally, Crowell argues that the interlocutory orders at issue were rendered after the final judgment on appeal was rendered. In *People of the Living God v. Chantilly Corp.*, 207 So.2d 752, 753 (La.1968), the supreme court found that appellate courts could "consider the correctness of the prior interlocutory judgment" when considering an appeal from a final judgment. The ruling at issue in docket number 22-73 was rendered on October 11, 2021, and was devolutively appealed on November 7, 2021. The interlocutory orders at issue in the present appeal were issued on December 15, 2021, and January 21, 2022, after the final judgment on appeal in docket number 22-73.

We agree that the rulings before this court in Kingsley's present appeal are non-appealable, interlocutory rulings as neither ruling determines the merits of the litigation. Nonetheless, it might be argued that because Kingsley uses the word "rehearing" in his pleading of December 14, 2021, we should construe this as motion for new trial because the Code of Civil Procedure does not recognize a motion for rehearing. *See Caldwell Par. Sch. Bd. v. La. Mach. Co.,* 12-1383, 12-1762 (La. 1/29/13), 110 So.3d 993, citing *Hargrave v. Delaughter,* 08-1168 (La.App. 3 Cir. 3/4/09), 10 So.3d 245. Even so, "the denial of a motion for new trial is generally a non-appealable interlocutory judgment" except when "the court

may consider interlocutory judgments as part of an unrestricted appeal from a final judgment." *Babineaux v. Univ. Med. Ctr.*, 15-292, p. 4 (La.App. 3 Cir. 11/4/15), 177 So.3d 1120, 1123 (citing *Occidental Prop. Ltd. v. Zufle,* 14-494 (La.App. 5 Cir. 11/25/14), 165 So.3d 124, *writ denied*, 14-2685 (La. 4/10/15), 163 So.3d 809)). In such instances, "[w]hen an appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment." *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 14-141, p. 5 (La.App. 1 Cir. 12/23/14), 168 So.3d 556, 562 n. 13, *writ denied*, 15-365 (La. 4/24/15), 169 So.3d 364. Nevertheless, we find these two rulings were rendered after the final judgment on appeal in docket number 22-73, and thus, are not reviewable on appeal of that final judgment.

The first ruling at issue was signed on December 15, 2021. Kingsley filed his motion to appeal on February 14, 2022, beyond the thirty-day period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4-3. The second ruling, however, was signed on January 21, 2022, within the thirty-day period for filing an application for supervisory writs. In the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Indus. Group, LLC*, 4-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. Accordingly, we exercise our discretion and construe the Motion and Order for Second Devolutive Appeal as a notice of intent to file for supervisory writs of the ruling signed on January 21, 2022. The devolutive appeal in docket number 22-154 is hereby dismissed, and Kingsley is given until June 10, 2022, to file a properly documented application for supervisory writs of the ruling dated January 21, 2022, pursuant to Uniform Rules—Courts of Appeal, Rule 4-5.

**APPEAL DISMISSED.**
**APPELLANT PERMITTED TO FILE**
**APPLICATION FOR SUPERVISORY WRITS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.